UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST HOME DESIGNING INC., a Washington Corporation<br><br>    Plaintiff,<br><br>    v.<br><br>SOUND BUILT HOMES INC., et al.,<br><br>    Defendant.<br><br>    v.<br><br>REMIDO, INC., et al.,<br><br>    Third-Party Defendants.<br><br>GERRY SLICK, et al.,<br><br>    Counter-Claimants,<br><br>    v.<br><br>NORTHWEST HOME DESIGNING INC.,<br><br>    Counter-Defendant | Case No. C10-5016 RJB<br><br>ORDER DENYING NORTHWEST HOME DESIGNING, INC.'S MOTION TO DISMISS COUNTERCLAIMS II AND III OF GERRY SLICK AND GARY SLICK DESIGN GROUP, INC. |

    This matter comes before the Court on Plaintiff/Counter-Defendant Northwest Home Designing Inc.'s (NHD) motion to dismiss counterclaims II and III of Counter-Claimant Gerry

1  Slick and Gerry Slick Design Group, Inc. (collectively Slick).  The Court has considered the

2  pleadings filed in support of and in opposition to the motion and the file herein.

## I. PROCEDURAL HISTORY AND RELEVANT FACTS

On January 13, 2010, Plaintiff NHD brought suit against Defendants (collectively "Sound Built") for copyright infringement, alleging that Sound Built made unauthorized copies of NHD's home designs and used its unauthorized copies to build and sell more than 900 infringing homes. (Dk. 1, pp. 1-6).

In December 2010, Sound Built interpleaded Gerry Slick and Gerry Slick Design Group, Inc., (Slick), along with Remidco, Inc., Cascade Residential Design, Inc., and Level Design, LLC, as third-party defendants for breach of warranty, contribution, and indemnification. (Dk. 39, pp. 11-16). Sound Built's third-party claims against Slick request indemnification in the event that one of Sound Built's plans created by Slick are found to infringe NHD's copyrights. (Dk. 39, pp. 27-28).

On January 6, 2011, Slick answered the third-party complaint and counterclaimed against NHD for (1) breach of contract, (2) unjust enrichment, and (3) unfair business practices - RCW Ch. 19.86 *et seq*. (Dk. 52, pp. 1-8).  Slick's claims are premised on the following factual allegations: Slick is in the business of producing original architectural building plans for single family residences, and licensing the use of those plans to contractors and others.  Slick and NHD entered into a contract whereby NHD acquired the right to use Slick Design 1580 pursuant to a use privilege in exchange for an agreement to pay royalties to Slick for the use thereof.  Slick contends that NHD has exceeded the scope of the use privilege and has failed to pay royalties for use of Design 1580.  (Dkt. 52, p. 5).

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), NHD moves the Court to dismiss Slick's counterclaims of unjust enrichment and unfair business practices for lack of jurisdiction and failure to state a claim upon which relief may be granted.  (Dkt. 56, pp. 1-2).  The argument is that the

25

26  ORDER DENYING NORTHWEST HOME DESIGNING, Inc.'S MOTION TO DISMISS COUNTERCLAIMS II AND III OF GERRY SLICK AND GARY SLICK DESIGN GROUP, INC. - 2

1  Copyright Act, 17 U.S.C. § 301, preempts these state law causes of action.

2  **II.  STANDARDS FOR MOTION TO DISMISS - RULE 12(b)(1) and (6)**

3  A motion to dismiss under Fed. R. Civ. P. 12(b)(1) addresses the court's subject matter jurisdiction.  Fundamentally, federal courts are of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co., 511 U .S. 375, 377 (1994).*  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Limits on federal jurisdiction must be neither disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen,* 511 U.S. at 377; *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

Upon a motion to dismiss pursuant to Rule 12(b)(1), a party may make a jurisdictional attack that is either facial or factual. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*.  A factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." *Id.*  In a factual challenge, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  When considering a motion to dismiss for lack of subject matter jurisdiction, the federal district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction, and consideration of material outside pleadings does not convert the motion into one for summary judgment. *McCarthy v. United States,* 850 F.2d 558, 560 (9th  Cir. 1988).  With a factual Rule 12(b)(1) challenge, a court may look beyond the complaint to matters of public record without having to convert the motion into one for

ORDER DENYING NORTHWEST HOME DESIGNING, Inc.'S MOTION TO DISMISS COUNTERCLAIMS II AND III OF GERRY SLICK AND GARY SLICK DESIGN GROUP, INC. - 3

summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Mack v. South Bay Beer Distribs.*, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit "affidavits or any other evidence properly before the court. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.* A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Id.*; *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

NHD's motion to dismiss asserts that Slick's causes of action for unjust enrichment and unfair business practices are preempted by the Copyright Act, 17 U.S.C. § 301, and thus, this Court

lacks jurisdiction and/or the complaint fails to state a claim upon which relief may be granted.

## III. COPY RIGHT ACT PREEMPTION - 17 U.S.C. § 301(a)

The Copyright Act specifically preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005). The intention of Section 301 of the Copyright Act is to preempt and abolish any rights under the common law or statutes of a state that are equivalent to copyright and that extend to works within the scope of the federal copyright law. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2005); see also *Maljack Prods. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996). The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display. 17 U.S.C. § 106; *Laws*, at 1137; *Altera Corp*, at 1089. The copyright is the right to control the work, including the decision to make the work available to or withhold it from the public. *Laws*, at 1137.

The Ninth Circuit has adopted a two-part test to determine whether a state law claim is preempted by the Copyright Act. First, the work at issue must come within the subject matter of copyright. Second, the state law rights must be equivalent to the exclusive rights of copyright. *Laws*, at 1137-38; *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004). To survive preemption, the state law claim must include an "extra element" that makes the right asserted qualitatively different from those protected under the Copyright Act. *Altera Corp.*, at 1089; *Laws*, at 1143; *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7 F.3d 1434, 1439-40 (9th Cir.1993). Whether copyright preemption applies is a question of law. *Altera Corp.*, at 1089.

NHD contends that Slick's state law claims for unjust enrichment and unfair business practices are based on NHD's allegedly unlicensed use of a home plan. Home plans, as either architectural works or technical drawings, are proper subject matter for copyright registration. It is

asserted that these claims are based solely on rights equivalent to those protected by the federal copyright laws and thus, are preempted.

**Unjust Enrichment**

The Ninth Circuit, as have most courts, has held that the Copyright Act does not preempt the enforcement of contractual rights. *Altera Corp*., at 1089; *Meridian Project Systems, Inc. v. Hardin Const. Co., LLC,* 426 F.Supp.2d 1101, 1108 (E.D. Cal. 2006).  In reaching its finding of no federal preemption in *Altera,* the Ninth Circuit found "compelling" the Seventh Circuit's analysis in *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447 (7th Cir.1996). *Id.* at 1089.  In *ProCD,* a consumer purchased ProCD's software and used it in a manner contrary to the terms of the shrinkwrap license; he made it available to the public for a reduced price, although the terms of the license allowed only private use.  The Seventh Circuit held the rights created by contract are not equivalent to any of the exclusive rights within the general scope of copyright.  The court focused its analysis on the purpose of federal preemption; to prevent "states from substituting their own regulatory systems for those of the national government." *Id.* at 1455.  The Seventh Circuit noted that courts usually read preemption clauses to leave private contracts unaffected. *Id.* at 1454.  The court noted that three other Circuits have held rights created by contract are outside the scope of the Federal Copyright Act. See, *National Car Rental System, Inc. v. Computer Associates International, Inc*., 991 F.2d 426, 433 (8th Cir. 1993); *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990); and *Acorn Structures, Inc. v. Swantz,* 846 F.2d 923, 926 (4th Cir. 1988). The Seventh Circuit  analogized that "[j]ust as § 301 [of the Copyright Act] does not itself interfere with private transactions in intellectual property, so it does not prevent states from respecting those transactions." *Id*.  "A copyright is a right against the world.  Contracts, by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.' "

*Id.* at 1454. The "extra element" was the mutual assent and consideration required by a contract claim. *Id.* The Seventh Circuit concluded "a simple two-party contract is not 'equivalent to any of the exclusive rights within the general scope of copyright' and therefore may be enforced." *Id.*, at 1455.

A claim for breach of contract has the "extra element" of an alleged exchange of promises/representations between the parties. The claim depends on more than the mere act of copying or distribution regulated by the federal Copyright Act, and is on that basis not preempted by Section 301(a). *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1192 (C.D. Cal. 2001). The breach of contract claim seeks to enforce the plaintiff's bargained-for right not to have certain information disclosed to others or used by a particular individual, rather than, as the copyright law provides, to enforce an exclusive right to reproduce, distribute and display certain works. See, *Selby v. New Line Cinema Corp.*, 96 F.Supp.2d 1053, 1061 (C.D. Cal. 2000). See also, *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1143 (9th Cir. 2005) (To the extent plaintiff has enforceable contractual rights regarding the use of the copyright, the remedy may lie in a breach of contract claim); *Chesler/Perlmutter Prods., Inc. v. Fireworks Entertainment, Inc.*, 177 F.Supp.2d 1050, 1058-59 (C.D. Cal. 2001) (Breach of contract action not subject to copyright preemption).

In apparent recognition of this authority, NHD does not seek dismissal of Slick's breach of contract claim for failure to pay royalties for use of the home design. NHD does asset that Slicks's unjust enrichment claim is preempted by the Copyright Act. The dispositive preemption issue is whether the rights protected by Slicks's claim for unjust enrichment are equivalent to the rights protected by copyright or, as claimed by Slick, arise out of contract.

In *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir.1987), overruled on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Ninth Circuit held that a claim for unjust enrichment was equivalent to a claim for copyright infringement, and thus

1 preempted, because the claim at issue lacked an extra element; the bilateral expectation of

2 compensation.  Although unjust enrichment claims are not categorically preempted by the

3 Copyright Act, Plaintiff must allege as basis for the claim, an element other than the unauthorized

4 use of the copyrighted work, or the claim will be dismissed.  *Id*.  Here, Slick has alleged an extra

5 element sounding in contract: the implied promise of compensation in the form of royalty payments.

6 A claim for unjust enrichment is not preempted by the Copyright Act where it alleges an extra

7 element that transforms the action from one arising under the ambit of the federal statute to one

8 sounding in contract.  See *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004)

9 (implied-in-fact contract is not preempted by the Copyright Act); *Doody v. Penguin Group (USA)*

10 *Inc*., 673 F. Supp.2d 1144, 1166 (D. Hawaii, 2009) (same).   To the extent Slick's unjust enrichment

11 claim sounds in implied-in-fact contract, it is not subject to Copyright Act preemption.

12 Accordingly, the unjust enrichment claim is not subject to dismissal for lack of jurisdiction or

13 failure to state a claim.

14 **Unfair Business Practices - RCW 19.86.**

15 As previously noted, the Copyright Act preempts all legal or equitable rights that are

16 equivalent to any of the exclusive rights within the general scope of copyright.  The rights protected

17 under the Copyright Act include the rights of reproduction, preparation of derivative works,

18 distribution and display.  The Copyright Act's preemptive ambit does not extend to state law claims

19 that include an extra element that makes the right asserted qualitatively different from those

20 protected under the Copyright Act.  *Altera Corp. v. Clear Logic, Inc*., 424 F.3d 1079, 1089 (9th Cir.

21 2005).  To the extent that the cause of action for unfair business practices is based upon allegations

22 of copyright infringement, it is preempted by federal law.  See *Kodadek v. MTV Networks, Inc*., 152

23 F.3d 1209, 1212 (9th Cir. 1998); *Enreach Technology, Inc. v. Embedded Internet Solutions, Inc*.

24 403 F. Supp.2d 968, 977-78 (N.D. Cal. 2005).

25

26 ORDER DENYING NORTHWEST HOME DESIGNING, Inc.'S MOTION TO DISMISS COUNTERCLAIMS II AND III OF GERRY SLICK AND GARY SLICK DESIGN GROUP, INC. - 8

1    Here, Slick asserts as an unlawful business practice claim that NHD has allegedly exceeded the scope of its use privilege by selling licenses in Slick's home plan without disclosure and without payment of royalties to Slick.   Slick claims this alleged "deceptive use" is what differentiates the unlawful business practices claim from a copyright claim.  This view is in accord with the view taken by the Ninth Circuit in *Altera Corp. v. Clear Logic, Inc*. 424 F.3d 1079, 1089-90 (9th Cir. 2005).  In *Alera* the defendant was alleged to have induced the plaintiff's customers to use the plaintiff's software in violation of its licensing agreement.  The court held the state law tort claim concerning the unauthorized use of the software's end-product was not within the rights protected by the federal Copyright Act and thus, not subject to preemption.  *Id*.  Accordingly, to the extent Slick's unfair business practice is premised on the contractual obligations of NHD, the claim is not subject to dismissal.

## 1V.  CONCLUSION

The Court, having considered the motion, response, reply, and the relevant documents herein, finds that Counter-Claimant Slick has stated cognizable claims for unjust enrichment and unfair business practices that are not subject to federal Copyright Act preemption.  Therefore, it is hereby **ORDERED** that:

Plaintiff/Counter-Defendant Northwest Home Designing Inc.'s Motion to Dismiss Counterclaims II and III of Counter-Claimant Gerry Slick and Gerry Slick Design Group, Inc. (Dkt. 56) is **DENIED.**

DATED this 1st day of March, 2011.

Robert J Bryan
United States District Judge